Vickie BAYLOR, Plaintiff—Appellant,

v.

**TRIDENT SEAFOODS CORPORATION,**
**Defendant,**

**and**

**Icicle Seafoods, Inc., Defendant—**
**Appellee.**

**No. 06–35113.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed March 7, 2008.

Dennis M. O'Bryan, Birmingham, MI, for Plaintiff–Appellant.

Kara Heikkila, Esq., Holmes Weddle & Barcott, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON, BEAM *, and RYMER, Circuit Judges.

### MEMORANDUM **

Vickie Baylor appeals the summary judgment entered in favor of Icicle Seafoods, Inc. We affirm.

Baylor's arguments for compensatory damages for pain and suffering fail because she produced insufficient evidence to raise a triable issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (noting that the nonmoving party cannot rely on its pleadings, but must submit evidence showing that there is a genuine issue for trial). She produced no evidence at all that finan-

cial hardship impacted her mental state. While Dr. Peterson did say that delay would likely cause a negative effect on Baylor's prognosis, his view was unsubstantiated and he admitted that he couldn't prove it.

Baylor also contends that the district court ignored her contention that delay prolonged her pain and suffering and that prolongation is compensable. We do not need to decide whether or under what circumstances pain and suffering caused by delay is compensable, because we disagree that the district court erred. Both the theory Baylor pled, and the responses she gave in discovery, focus on *aggravation* of the underlying condition caused by delay. *Cf. Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1291–92 (9th Cir.2000). Neither put prolongation of pain and suffering at issue. Nor did her opposition to Icicle's motion for summary judgment present, or develop, the issue such that the district court should have addressed it. Her citation to an out-of-circuit district court decision for the proposition that prolongation of pain and suffering is compensable, and the observation that Baylor suffered before an MRI was authorized, were subsidiary to the topic point she stated in her memorandum: "Plaintiff has alleged a claim for aggravation of the underlying condition because Defendant did not timely provide maintenance and cure." Accordingly, the district court did not err in failing to consider the issue.

Remaining disputes are immaterial in light of this disposition.

AFFIRMED.

---

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.